UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GELAZELA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DOUGLAS WHITE,<br><br>　　　　　Respondent. | Case No.   1:21-cv-00002-HBK<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION TO COMPEL<br><br>(Doc. No. 8)<br><br>ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH PRISONER CIVIL RIGHTS COMPLAINT FORM |

　　　　Petitioner Mark Gelazela, a federal prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1).  Before the court is petitioner's "notice of tampering with record and emergency motion to compel." (Doc. No. 8).

I.　　BACKGROUND

　　　　Petitioner initiated this case on January 4, 2021 by filing the instant petition. (Doc. No. 1). Petitioner challenges his 2016 conviction and 41-month prison sentence for wire fraud, entered by the U.S. District Court for the Central District of California. (*Id*. at 2).  Petitioner makes various claims that his conditions of confinement are unconstitutional. (*See generally id*.).  Specifically, petitioner argues that the Bureau of Prisons ("BOP") is denying him adequate medical care for his injured knee, that prison officials are not following the Center for Disease Control's COVID-19 safety protocols, that the prison is preventing petitioner from participating in certain anti-recidivism programming, and that the prison is preventing him from seeking relief under the Coronavirus Aid

Relief and Economic Security ("CARES") Act and the First Step Act. (*Id*. at 9-13). For these reasons, petitioner seeks to be released to home confinement.[1] (*Id*. at 13).

In the instant motion, petitioner states that he is currently seeking relief from his claims through the administrative civil rights complaint process offered by the BOP. (Doc. No. 8 at 1). Petitioner claims that the BOP has "backdated" the date of the filing of his administrative complaints and is lying about the date the complaints were denied. (*Id*.). Further, petitioner seeks a court order compelling the respondent to consent to the jurisdiction of the undersigned, the magistrate judge assigned to this case. (*Id*. at 2).

II.   APPLICABLE LAW AND ANALYSIS

First, although it is difficult to decipher petitioner's requests of the court, it appears that petitioner seeks to notify the court of BOP's alleged backdating of and misrepresentations concerning petitioner's administrative civil rights complaints. To the extent petitioner seeks this court to take judicial notice of the alleged backdating and misrepresentations, his request is denied. Under the Federal Rule of Evidence 201(b), the court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Petitioner has failed to show that his conjectures, which are conclusory and are not supported by sufficient evidence, meet the requirements of Federal Rule of Evidence 201(b).

Secondly, petitioner seeks a court order compelling the respondent to consent to the jurisdiction of the undersigned, the magistrate judge assigned to this case. (Doc. No. 8 at 2). Neither 28 U.S.C. § 636(b)(1)(B) nor Local Rule 302, which set forth the duties assigned to magistrate judges in cases where both parties consent to the jurisdiction of a magistrate judge, provide the court with the power to compel a party to consent to the jurisdiction of a magistrate

---

[1] The court separately will make findings and recommendations addressing petitioner's writ of habeas corpus. To the extent petitioner is challenging the conditions of his confinement he should raise such claims in a prisoner civil rights complaint form, which is provided to petitioner with this order.

judge. Parties are free to either consent to such jurisdiction or to withhold their consent. Petitioner's request is denied.[2]

Accordingly, it is **ORDERED**:

1. Petitioner's "notice of tampering with record and emergency motion to compel" (Doc. No. 8) is **DENIED**.
2. The Clerk of Court shall provide petitioner with a prisoner civil rights complaint form for his use, if appropriate.

IT IS SO ORDERED.

Dated:  April 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The court will address petitioner's request for emergency medical care by separate order.