UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GELAZELA,<br><br>           Petitioner,<br><br>    v.<br><br>DOUGLAS WHITE,<br><br>           Respondent. | Case No. 1:21-cv-00002-HBK<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO STATE COGNIZABLE CLAIMS AND FAILURE TO EXHAUST CLAIMS</u>[1]<br><br><u>OBJECTIONS DUE IN THIRTY DAYS</u><br><br>(Doc. No. 1)<br><br><u>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE AND PROVIDE PETITIONER BIVENS CIVIL RIGHTS COMPLAINT FORM</u> |

      Petitioner Mark Gelazela, a federal prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).

## I. BACKGROUND

Petitioner initiated this case on January 4, 2021 by filing the instant petition while incarcerated at Federal Correctional Institution, Mendota Camp, which is within the venue and jurisdiction of this court. (Doc. No. 1). Petitioner designates his petition an "Emergency."[2] (*Id.* at 1). Petitioner is serving a 41-month prison sentence for his September 15, 2016 conviction, after a jury trial, for wire fraud entered by the U.S. District Court for the Central District of California. (*Id.* at 2). The gravamen of his petition it that the conditions of petitioner's confinement are unconstitutional. (*See generally id.*) Specifically, in Ground One, petitioner alleges the Bureau of Prisons ("BOP") is denying him "emergency, critical medical care"[3] for his injured knee. (*Id.* at 9-10). In Ground Two, petitioner claims he is being subjected to "unconstitutional imprisonment conditions" stemming from the FCI Medota's failure to follow the Center for Disease Control's COVID-19 safety protocols. (*Id.* at 11-12). As relief, petitioner seeks release to home confinement for the alleged unconstitutional conditions of his confinement under the Coronavirus Aid Relief and Economic Security ("CARES") Act and the First Step Act. (*Id.* at 13).

## II. APPLICABLE LAW AND ANALYSIS

### a. Non-Cognizable Claims

#### i. Conditions of Confinement Claims

The Supreme Court, while not foreclosing habeas relief for a conditions of confinement claim, to date, has refused to recognize it as a proper vehicle to obtain such relief. *Bell v. Wolfish*, 441 U.S. 520, 526 n. 6 (1979) ("thus, we leave to another day the question of the propriety of using a writ of habeas corpus top obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). Instead, claims centered on conditions of a federal

---

[2] The court reviewed the petition upon receipt and determined it did not warrant emergency handling.
[3] Because the petition contained allegations of imminent physical harm, the court directed the clerk to provide a copy of petitioner's petition to officials at FCI Medota, for handling as they deemed appropriate. (*See* Doc. No. 10).

2

prisoner's confinement are appropriately pursued in a *Bivens* civil rights action—not a habeas action. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (recognizing a cause of action against the federal government for civil rights violations). The Supreme Court made clear that a claim is cognizable on federal habeas corpus review when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, claims stemming from the conditions of confinement should be brought in a civil rights action. *Id*. at 484-86; *see also Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)) (explaining that the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus"); *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991) ("A civil rights action . . . is the proper method of challenging conditions of confinement.").

Thus, the undersigned finds release under § 2241 unavailing for the alleged constitutional violations predicated upon petitioner's alleged conditions of confinement. *See Shook v. Apker*, 472 F. App'x. 702, 702-03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under *Bivens*, rather than § 2241); *Alcala v. Rios*, 434 F. App'x 668, 669-70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under § 2241).

Further, although a court may convert a habeas petition to a civil rights complaint, the undersigned does not find recharacterization proper in this case. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition . . .." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Petitioner here names only the warden as the sole respondent; petitioner does not name the people who allegedly committed the affirmative acts or omissions that violated his rights. Moreover, petitioner does not seek relief that would be appropriate for a civil rights complaint, *i.e*., money damages. *See Solida v. McKelvey*, 820 F.3d 1090, 1094, 1093 (9th Cir. 2016) ("[M]oney damages is the remedy under *Bivens*," and *Bivens* "does not encompass injunctive and declaratory relief where . . . the equitable relief sought

requires official government action."). As a courtesy, the court will direct the clerk of court to provide petitioner with a civil rights complaint form should he wish to pursue a *Bivens* claim in a separate, properly filed action.

### ii. Request for Home Confinement

Finally, to the extent petitioner seeks early release to home confinement under the First Step Act, the CARES Act, or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), these claims are not cognizable on federal habeas review. The First Step Act directs BOP to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," including, to the extent practicable, home confinement. 18 U.S.C. § 3624(c)(1)-(2). BOP is given discretion over an inmate's location of confinement. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). The Ninth Circuit has held that this discretion may not be challenged via a § 2241 petition. *Id.*; *see also Mohsen v. Graber*, 583 F. App'x 841, 842 (9th Cir. 2014) (holding a district court lacked jurisdiction to consider a First Step Act claim in a § 2241 petition); *Cruz v. Jenkins*, No. 20-CV-03891-LHK, 2020 U.S. Dist. LEXIS 218205, at *6 (N.D. Cal. 2020) ([The First Step Act] gives the BOP discretion over the location of confinement, and the Ninth Circuit has repeatedly held that this discretion may not be challenged via a Section 2241 petition). Accordingly, petitioner's First Step Act claim should be dismissed.

For that same reason, this court cannot grant federal habeas relief based on the CARES Act. The CARES Act allows BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under [18 U.S.C. § 3624(c)(2)], as the Director determines appropriate." CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020). Thus, BOP's determination as to the amount of time in which an inmate is placed in home confinement is under BOP's discretion and outside the scope of a § 2241 petition. *See Cruz v. Jenkins*, No. 20-CV-03891-LHK, 2020 U.S. Dist. LEXIS 218205, at *5-9 (C.D. Cal. Nov. 20, 2020).

4

To the extent Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), such a motion must be brought before the petitioner's sentencing court—here the U.S. District Court for the Central District of California. (*See* Doc. No. 1 at 2); 18 U.S.C. § 3582(c)(1)(A); *Bolden v. Ponce*, No. 2:20-cv-03870-JFW-MAA, 2020 U.S. Dist. LEXIS 77249, at *2 (C.D. Cal. May 1, 2020) (explaining that "[o]nly the original sentencing court can entertain" requests for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and that a habeas petitioner "may not short-circuit this requirement to file in the sentencing district by petitioning for such relief pursuant to Section 2241 in the custodial district"); *see also United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (explaining that a motion under § 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence"). Therefore, none of petitioner's claims seeking release to home confinement are cognizable on federal habeas review and these claims should be dismissed.

### b. Failure to Exhaust Claims

Alternatively, the court may dismiss the petition because none of the claims appear to have been exhausted. Federal courts "require as a prudential matter that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (abrogated on another ground by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006)). The BOP has established a multi-level review process for administrative grievances. *See* 28 C.F.R. §§ 542.10-542.16. First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a Request for Administrative Remedy." *Id.* at § 542.13(a). Second, "an inmate who is not satisfied with the Warden's response [to the informal complaint] may submit an Appeal . . . to the appropriate Regional Director. . .." *Id.*, at § 542.15(a). Third, "an inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel. . .. Appeal to the General Counsel is the final administrative appeal." *Id*.

Although petitioner states that he has raised his complaint to the second level of administrative appeal (Doc. No. 1 at 3) the petition and documents attached to the petition indicate otherwise. Petitioner admits that both his administrative grievances were submitted only

to the warden, meaning that both grievances were first level attempts to informally resolve his claims with prison staff. (*Id.*); *see* 28 C.F.R. § 542.13(a). Moreover, petitioner submits copies of two grievance forms titled "Inmate Request to Staff," both of which were submitted to the warden to informally resolve his complaints. (Doc. No. 1 at 17, 25). Accordingly, the record reflects petitioner has neither submitted an appeal to BOP's regional director, nor BOP's general counsel, as required to exhaust his administrative remedies. Therefore, even if any of the claims were cognizable, not conceded, the claims nonetheless would be subject to dismissal as unexhausted.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to assign this case to a district judge.
2. The Clerk of Court is directed to provide petitioner with a blank civil rights complaint form.

Further, it is **RECOMMENDED** that the petition (Doc. No. 1) be **DISMISSED**.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 26, 2021

/s/ Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE