UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK GELAZELA ,

Petitioner,

v.

DOUGLAS WHITE,

Respondent.

No.  1:21-cv-00002-DAD-HBK (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS AND DIMISSING
PETITION FOR WRIT OF HABEAS
CORPUS

(Doc. Nos. 1, 13)

Petitioner Mark Gelazela is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On May 27, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the petition be dismissed because conditions of confinement claims are not recognizable claims for habeas relief; challenges to an inmate's location of or length of confinement pursuant to the First Step Act and CARES Act may not be challenged via a § 2241 petition; any compassionate release petition pursuant to 18 U.S.C. § 3582(c)(1)(A) must be brought before the petitioner's sentencing court, here the U.S. District Court for the Central District of California; and petitioner failed to exhaust his claims.  (Doc. No. 13.)  The pending

findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.* at 6.) On June 9, 2021, petitioner filed objections to the findings and recommendations. Therein petitioner concedes that his claims for relief are not available through a § 2241 petition, but he requests that his petition be converted into a petition for release to home confinement pursuant to the First Step Act and the CARES Act. (Doc. No. 14 at 1.) Although the legal basis for petitioner's request is unclear, the CARES Act "'authorizes the BOP—not courts—to expand the use of home confinement' under 18 U.S.C. § 3624(c)(2)." *United States v. Fantz*, No. 5:14-cr-32-BR, 2020 WL 3492028, at *1 (E.D.N.C. June 26, 2020) (quoting *United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (collecting cases)); *see also United States v. Rice*, No. 12-cr-818-PJH, 2020 WL 3402274, at *4 (N.D. Cal. June 19, 2020) (denying a defendant's request for release to home confinement made in conjunction with his motion for compassionate release because "the court has no authority to designate the place of confinement" because the "Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence."); *United States v. Gray*, No. 4:12-cr-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (holding that the CARES Act "does not authorize the court to order defendant's placement in home confinement"). As the magistrate judge properly concluded, plaintiff's allegations appear to be more properly presented in either a *Bivens* action or a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which must be brought before the petitioner's sentencing court. The court therefore declines plaintiff's request.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In addition, having concluded that the pending petition must be dismissed, the court now turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds

without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations issued on May 27, 2021 (Doc. No. 13) are adopted in full;

2.    The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3.    The court declines to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **July 11, 2021**                                    _____

                                                                            UNITED STATES DISTRICT JUDGE

3